# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:  )
        )  **JUDGE RICHARD L. SPEER**
Carl Francis Falter, Jr.  )
        )  Case No. 12-32212
   Debtor(s)  )
        )
        )

## DECISION AND ORDER

This cause is before the Court on the Objection of the Trustee, John Graham, to the Debtor's claim of an exemption in the cash surrender value of a whole life insurance policy. (Doc. No. 13). The Debtor filed a response thereto, asking that the Trustee's Objection be Overruled. (Doc. No. 21). A Hearing was thereafter held on the matter at which time the Court afforded the Parties the opportunity to submit briefs in support of their respective positions. (Doc. No. 33). The Parties have since submitted their briefs together with supporting documentation. The Court has now had the opportunity to review these materials. Based upon this review, the Court finds, for the reasons now explained, that the Trustee's Objection should be Sustained.

## FACTS

On May 9, 2012, the Debtor, Carl Francis Falter, Jr., filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. (Doc. No. 1). In the schedules filed with his petition, the Debtor disclosed an interest in a whole life insurance policy, having a cash surrender value of $10,601.19. In his schedules, the Debtor claimed the entire cash surrender value of the policy as exempt. As the basis for his claim of exemption, the Debtor cited to O.R.C. §§ 2329.66(A)(6)(b), 3911.10, 3911.12, and 3911.14.

In re: Carl Francis Falter, Jr.
Case No. 12-32212

The insurance policy which the Debtor seeks to exempt was purchased by the Debtor in 1992. When he purchased the insurance policy, the Debtor listed his parents as the policy's sole beneficiaries. At the time he filed for bankruptcy relief, the Debtor's parents remained as the only beneficiaries on the insurance policy.

The Debtor's parents were also listed as creditors in this case, having, in the approximately two years preceding the commencement of his bankruptcy case, lent the Debtor money for his living expenses. The Debtor's parents filed a proof of claim in this case in the amount of $16,056.22. No objection to this proof of claim has been filed.

## DISCUSSION

Before this Court is the Trustee's objection to the Debtor's claim of exemption. Determinations concerning the allowance of exemptions from property of the estate are deemed to be core proceedings pursuant to 28 U.S.C. § 157(b)(2)(B). Accordingly, in this matter, this Court has the jurisdictional authority to enter final orders and judgments. 28 U.S.C. § 157(b)(1).

The Debtor has claimed his ownership interest in the cash surrender value of a life insurance policy as exempt. The effect of an exemption is to shield a debtor's interest in property from the reach of creditors who could otherwise seek to execute on such property to satisfy their claims against the debtor. *In re Miller*, 427 B.R. 616, 618 (Bankr. N.D.Ohio 2009). A debtor's right to claim property as exempt is recognized by bankruptcy law. 11 U.S.C. § 522.

For purposes of bankruptcy law, the permissibility of exemptions for debtors domiciled in Ohio, such as the Debtor in this case, is governed by Ohio law, with Ohio having opted out of the federal bankruptcy exemptions. 11 U.S.C. § 522(b)(2); O.R.C. § 2329.662. Under Ohio law, there exists no common law right to claim property as exempt; instead, a debtor's right to an exemption

Page 2

In re: Carl Francis Falter, Jr.
Case No. 12-32212

in property is derived entirely from statute. *In re Bunnell*, 322 B.R. 331, 334 (Bankr. N.D.Ohio 2005), *citing Morris Plan Bank of Cleveland v. Viona*, 122 Ohio St. 28, 170 N.E. 650 (1930).

In this matter, the Debtor cites to four statutory provisions as the basis for his claim of an exemption in the cash surrender value of his life insurance policy: O.R.C. §§ 2329.66(A)(6)(b), 3911.10, 3911.12, and 3911.14. The Trustee's objection to the Debtor's claim of exemption goes to each of these statutory provisions. The Debtor, however, in his response to the Trustee's objection, set forth that "the only exemption that applies to the case at hand is ORC 3911.10, as referred to in ORC 2329.66(A)(6)(b)." (Doc. No. 46, at pg. 2). Accordingly, the Court's analysis will be limited in this respect. For this analysis, the Court is guided by the principle that, based upon their remedial function of providing a debtor with a fresh-start, exemptions are to be liberally construed in favor of the debtor. *In re Bunnell*, 322 B.R. 331, 334 (Bankr. N.D.Ohio 2005).

> Section 2329.66(A)(6)(b) provides:
>
> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
>
>> The person's interest in contracts of life or endowment insurance or annuities, as exempted by section 3911.10 of the Revised Code[.]

Correspondingly, O.R.C. § 3911.10 provides, *inter alia*:

> All contracts of life or endowment insurance or annuities upon the life of any person, or any interest therein, which may hereafter mature and which have been taken out for the benefit of, or made payable by change of beneficiary, transfer, or assignment to, the spouse or children, or any persons dependent upon such person, or an institution or entity described in division (B)(1) of section 3911.09 of the Revised Code, or any creditor, or to a trustee for the benefit of such spouse, children, dependent persons, institution or entity, or creditor, shall be held, together with the proceeds or avails of such contracts,

Page 3

In re: Carl Francis Falter, Jr.
Case No. 12-32212

> subject to a change of beneficiary if desired, free from all claims of the creditors of such insured person or annuitant.

Therefore, when read together, a life insurance policy may be exempted by a debtor under O.R.C. § 2329.66(A)(6)(b) when the conditions contained in O.R.C. § 3911.10 are met.

In these case of *Menninger v. Schramm (In re Schramm)*, the Bankruptcy Appellate Panel for the Sixth Circuit held that O.R.C. § 3911.10 can be broken down into the following four parts: (1) the contract must be the proper type of insurance policy or annuity; (2) the policy or the annuity must be on the life of the person; (3) the contract must be for the benefit of one of several categories of people, including the insured's spouse; and (4) if those three factors are met then the contract and any proceeds or avails will be protected from the claims of the creditors of the insured person or annuitant. *Menninger v. Schramm (In re Schramm)*, 431 B.R. 397, 402 (6th Cir. B.A.P. 2010). In this matter, the controversy between the Parties focused entirely on the third part: whether the Debtor's life insurance contract benefits one of the statute's protected categories?

The third part of § 3911.10 requires that, to exempt a life insurance policy, the policy's beneficiary must fall into one of these categories of covered entities: (1) the debtor's spouse; (2) the debtor's child; (3) a dependent of the debtor; (4) an institution or entity described in division (B)(1) of section 3911.09 of the Revised Code, concerning tax exempt organizations; or (5) a creditor of the debtor. In this case, the beneficiaries of the Debtor's life insurance policy are his parents. Concerning this relationship, the Debtor did not attempt to argue that his life insurance policy should be deemed to be exempt based upon his parent's qualification under any of the first four categories of protected entities provided in § 3911.10.

Instead, it is the position of the Debtor that his parents, having recently lent him money to pay for his living expenses, qualify as creditors, thereby placing his parents in the last class of covered entities set forth in § 3911.10. Against this position, the Trustee did not challenge the

Page 4

In re: Carl Francis Falter, Jr.
Case No. 12-32212

premise that the Debtor's parents, having lent him money, qualify as creditors under § 3911.10. Rather, in contesting the Debtor's claim of exemption under § 3911.10, it is the position of the Trustee that the statute imposes a temporal limitation, so that a beneficiary of a debtor's life insurance policy will only qualify as a creditor under the statute if they are a creditor at the time they are designated as a beneficiary. According then to the Trustee, this limitation disqualifies the Debtor's parents as creditors within the meaning of § 3911.10 because the Debtor's parents were named as beneficiaries in the life insurance policy at the time of its purchase in 1992, but only became creditors relatively recently – *i.e.*, within the past couple of years.

When interpreting an Ohio exemption statute, this Court is required to follow any precedent established by the Ohio Supreme Court. On the issue raised by the Trustee, no precedent from the Ohio Supreme Court was cited; nor is the Court aware of any applicable precedent. In this situation, this Court is required to make the "best prediction, even in the absence of direct state precedent, of what the state Supreme Court would do if it were confronted with the question." *Baumgart v. Alam (In re Alam)*, 359 B.R. 142, 147 (B.A.P. 6th Cir. 2006), *citing Combs, II v. Int'l Ins. Co.*, 354 F.3d 568, 577 (6th Cir.2004). For this assessment, the Court "may rely upon analogous cases and relevant dicta in the decisional law of the State's highest court, opinions of the State's intermediate appellate courts to the extent that they are persuasive indicia of State Supreme Court direction, and persuasive opinions from other jurisdictions." *In re Alam*, 359 B.R. at 147, *citing Welsh v. U.S.*, 844 F.2d 1239, 1245 (6th Cir.1988).

When faced with a question in interpreting a state statute, the Ohio Supreme Court requires that a "court's preeminent concern in construing a statute is the legislative intent in enacting a statute." *State ex rel. Plain Dealer Publishing Co. v. Cleveland*, 106 Ohio St.3d 70, 76, 831 N.E.2d 987 (2005). To determine the legislative intent of a statute, the Ohio Supreme Court requires that a court's "inquiry begins with the statutory text, and ends there as well if the text is unambiguous." *Id.* 76-77 (citation omitted). Such an undertaking requires the Court to "review the language of the

Page 5

statute reading undefined words and phrases in context and construing them in accordance with the rules of grammar and common usage." *Id.* at 76 (citation omitted).

Under these rules of interpretation, the plain meaning of a statute must be applied unless there is ambiguity or the context clearly requires a different reading. *Union Rural Elec. Coop., Inc. v. Pub. Util. Comm.*, 52 Ohio St.3d 78, 80 (1990); *MCI Telecommunications Corp. v. Tracy*, 84 Ohio App.3d 465, 471 (1992). For this purpose, § 3911.10 unambiguously sets forth that its protections will apply when a "creditor" is named as a beneficiary in a debtor's life insurance policy. Moreover, there is nothing from the context of § 3911.10 which would indicate that a person is disqualified from being a "creditor" solely by virtue of their status as a parent of a debtor. Consequently, with there being no controversy that the Debtor's parents lent him money, a plain meaning application of § 3911.10 leads to the conclusion that the Debtor's parents qualify as a "creditor" for purposes of the statute.

It is the Debtor's position that this Court's analysis should end at this point. That is, according to the Debtor, the "Court should follow the plain text and meaning of the ORC 3911.10 and overrule the Trustee's objection to the exemption in the Debtor's life insurance." (Doc. No. 46, at pg. 3). The weakness, however, with this position is that it does not take into account the complete statutory text of § 3911.10.

When applying a statute, this Court is required to afford full force and effect to all words and phrases, not striking or reading anything out of the statute. *Wachendorf v. Shaver*, 149 Ohio St. 231, 237 (1948). A close examination of § 3911.10 shows that the Debtor's position, by focusing solely on the status of the Debtor's parents as creditors, fails to give effect to the entire phraseology of the statute.

In re: Carl Francis Falter, Jr.
Case No. 12-32212

In § 3911.10, each of the classes of beneficiaries protected by the statute is modified by this phrase: "which have been taken out for the benefit of . . ." When this phraseology is taken into account and applied to this particular case, § 3911.10 may be read as follows:

> All contracts of life . . . insurance . . . upon the life of any person, or any interest therein, which may hereafter mature and *which have been taken out for the benefit of* . . . any creditor . . . shall be held, together with the proceeds or avails of such contracts, subject to a change of beneficiary if desired, free from all claims of the creditors of such insured person or annuitant.

(emphasis added). Within this context, it is reasonable to equate the words "taken out" to mean the time at which a life insurance contract is created.

Consistent, therefore, with the position of the Trustee, the Court reads "taken out for the benefit of" to add a temporal limitation so that an intended beneficiary of a life insurance policy must, at the time the contract is made, fall within the protected class of beneficiaries specified in § 3911.10 to be exempt.[1] To hold otherwise, would fail to give full effect this modifying language. A contrary position would also leave § 3911.10 open to manipulation because, as pointed out by the Trustee, it would be relatively easy for many individuals to create a creditor-debtor relationship with their parents after the fact. For this reason, this Court's reading of § 3911.10 is also consistent with O.R.C. § 1.47(C) which provides that when the Ohio state legislature enacts a statute, a "just and reasonable result is intended." O.R.C. § 1.47(C).

A party objecting to a debtor's claim of exemptions "has the burden of proving that the exemptions are not properly claimed." FED.R.BANKR.P. 4003(c). The Trustee, for the reasons

---

[1] Section § 3911.10 also allows a debtor, after a life insurance policy is taken out, to effectuate a change of beneficiary. No change of beneficiary, however, was made by the Debtor in this case.

Page 7

In re: Carl Francis Falter, Jr.
Case No. 12-32212

explained, has met this burden. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

    Accordingly, it is

    **ORDERED** that the Objection of the Trustee, John Graham, to the Debtor's claim of an exemption in the cash surrender value of a whole life insurance policy, be, and is hereby, SUSTAINED.

    Dated: January 18, 2013

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 8

CERTIFICATE OF SERVICE

Copies of the foregoing Decision and Order were mailed this 18th day of January, 2013 to:

Carl Francis Falter, Jr.
887 Valleyview Drive
Bellevue, OH 44811

C. Ross Smith, III
1604 E Perkins Ave #106
Sandusky, OH 44870

John N Graham
5151 Monroe St #245
Toledo, OH 43623

Ericka S Parker
232 10th Street
Toledo, OH 43604

Office of the U.S. Trustee
200 Public Square, Ste 20-3300
Cleveland OH 44114

/s/ Sherry Hupman
Deputy Clerk, U.S. Bankruptcy Court